## Billings v. Atherton.

*Appeal from Floyd District Court—Thursday, Oct. 7.*

BILL TO REDEEM.

Plaintiff claims that his land was about to be sold under a trust-deed, and that he persuaded defendant to buy the same in, and hold it as security for the amount advanced ($313.87), with interest at twenty per cent, from the date of the purchase, February 25, 1861. The contract is claimed to be usurious, and hence a tender was made, before suit brought, of the amount so advanced.

The defendant maintains and sets up, that while he did purchase the real estate at the trustee's sale, yet it was for his own benefit and without any agreement or contract with plaintiff in regard to the same; that after this purchase he agreed with plaintiff to convey the same to him if he would pay him $400 on or before the 1st of July, 1862; that *time* was of the essence of the contract; that plaintiff failed and neglected to pay the money; that this contract was afterward canceled and he released therefrom, etc.

Upon a full hearing, an immense mass of testimony being introduced, the court decreed that defendant should convey the land as prayed, taking as full compensation therefor the sum tendered ($313.87), being the amount of the bid, without interest. Defendant appeals.

*Starr & Patterson* for the appellant—*J. W. Card* for the appellee.

WRIGHT, J.—This case turns entirely upon the facts; as to the law there can be no disagreement. If plaintiff's theory is the correct one, then defendant was but a mortgagee, holding this land as security for

the money advanced, and should surrender the same upon the payment of the debt.

If defendant is correct in his assumption of the facts, then it might be conceded that there was such negligence and delay on plaintiff's part, in view of what defendant insists was the contract, as to defeat his right to a specific performance. But, as plaintiff neither in his petition nor by his testimony claims otherwise than upon the theory that this was an equitable mortgage, we may confine ourselves to this view of the case.

From the testimony, our opinion is, that the court was justified in finding the main fact for plaintiff. We believe that the transaction amounted to a mortgage; that it was so understood, and that plaintiff was therefore entitled to redeem.

We further find, however, that defendant was entitled to more than the amount of the bid, or the amount paid at the sale of the land by the trustee. The proof does not satisfy us that the transaction was tainted with usury. And, while the parties differ widely as to the exact contract, we believe the truth to be that the money was to be repaid, with interest, on the basis of the rental value of the premises, estimated at $40 per annum, less the taxes. This would place the interest at about (10) ten per cent. This, too, we think, is fairly in accord with the real contract or understanding between the parties; and, as shown by the testimony, looking at it in all its bearings, it effectuates justice.

The court should therefore have required plaintiff, as a condition precedent to the making of the deed by defendant, to pay ten per cent on the $313.87 from the date of the purchase, on February 25, 1861.

The judgment below is therefore affirmed, but the case will be remanded for this modification — said sum to draw this interest until payment of the balance, which must be by a short day to be fixed by the court.

The costs of this appeal to be paid by appellee.

Affirmed as modified.